# Exhibit A

FILED
02-28-2022
Clerk of Circuit Court
Wood County, WI
2022CV000068
Honorable Gregory J.
Potter
Branch 1

<u>**STATE OF WISCONSIN**</u>　　　**CIRCUIT COURT**　　　<u>**WOOD COUNTY**</u>

**ESTATE OF JERE SMITH,**
by its Special Administrator,
Francis Podvin, Esq.　　　　　　　　　**CASE CODE: 30105**
Podvin Law Firm
251 Oak St
PO Box 1326
Wisconsin Rapids, WI 54495

**STORM RAHIER,**
by her guardian ad litem,
Eric Hendrickson, Esq.
Werner, Johnson & Hendrickson, SC
202 E Union Street
PO Box 175
Waupaca, WI 54981

**ASHLEY SMITH,**
510 12th Street North
Wisconsin Rapids, WI 54494

**JEREMY O'DELL,**
6201 Academy Ridge Dr NE
Albuquerque, NM 87111

　　　　**Plaintiffs,**

**v.**

**VERSO CORPORATION,**
c/o Registered Agent Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808,

**VERSO PAPER HOLDING, LLC,**
c/o Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

**VERSO MINNESOTA WISCONSIN, LLC,**
c/o Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

**JOHN DOE 1-50,**

**JANE DOE 1-50,**

**ABC-XYZ CORPORATIONS,**

**ABC-XYZ INSURANCE COMPANIES,**

    **Defendants.**

---

## SUMMONS

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you.  The complaint that is attached states the nature and basis of the legal action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the Court, whose address is Wood County Courthouse, Clerk of Courts, PO Box 8095, Wisconsin Rapids, Wisconsin 54495-8095 and to Studinski Law, LLC, Attorney Jason T. Studinski and Attorney Jennifer J. Kehoe, whose address is 2810 Gilman Drive, Plover, Wisconsin 54467, and Janssen Law LLC, Attorney Robert J. Janssen and Attorney Ryan M. Froelich, whose address is 3000 Riverside Drive, Suite 210, Green Bay, Wisconsin 54301.  You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint.  A judgment may be enforced as provided by law.  A judgment awarding money may become a lien

against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: February 28, 2022.

**STUDINSKI LAW, LLC**
*Attorneys for Plaintiffs Estate of Jere Smith and Storm Rahier*

By:    /s/ Jason T. Studinski
        Jason T. Studinski
        WI State Bar No. 1026018
        Jennifer J. Kehoe
        WI State Bar No. 1027757
        Studinski Law, LLC
        2810 Gilman Drive
        Plover, WI 54467
        (715) 343-2850
        Fax: (715) 343-2803

Dated: February 28, 2022.

**JANSSEN LAW, LLC**
*Attorneys for Plaintiffs Ashley Smith and Jeremy O'Dell*

By:    /s/ Robert J. Janssen
        Robert J. Janssen
        WI State Bar No. 1000525
        Ryan M. Froelich
        WI State Bar No. 1041441
        3000 Riverside Dr Ste 210
        Green Bay WI 54301-1653
        (920) 425-4844
        Fax: (920) 425-4845

**FILED**
**02-28-2022**
**Clerk of Circuit Court**
**Wood County, WI**
**2022CV000068**
**Honorable Gregory J.**
**Potter**
**Branch 1**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **WOOD COUNTY**

**ESTATE OF JERE SMITH,**
by its Special Administrator,
Francis Podvin, Esq.              **CASE CODE: 30105**
Podvin Law Firm
251 Oak St
PO Box 1326
Wisconsin Rapids, WI 54495

**STORM RAHIER,**
by her guardian ad litem,
Eric Hendrickson, Esq.
Werner, Johnson & Hendrickson, SC
202 E Union Street
PO Box 175
Waupaca, WI 54981

**ASHLEY SMITH,**
510 12th Street North
Wisconsin Rapids, WI 54494

**JEREMY O'DELL,**
6201 Academy Ridge Dr NE
Albuquerque, NM 87111

      **Plaintiffs,**

**v.**

**VERSO CORPORATION,**
c/o Registered Agent Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808,

**VERSO PAPER HOLDING, LLC,**
c/o Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

**VERSO MINNESOTA WISCONSIN, LLC,**
c/o Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

**JOHN DOE 1-50,**

JANE DOE 1-50,

ABC-XYZ CORPORATIONS,

ABC-XYZ INSURANCE COMPANIES,

     **Defendants.**

---

## COMPLAINT

---

Plaintiff Estate of Jere Smith, through its counsel, Studinski Law, LLC, plaintiff Storm Rahier by her guardian ad litem, Eric Hendrickson, through her counsel, Studinski Law, LLC, and plaintiffs Ashley Smith and Jeremy O'Dell, through their counsel, Janssen Law, LLC, state and allege as follows for their Complaint:

### PARTIES

1.     Jere Smith was an adult resident of the state of Wisconsin with his primary place of residence at 510 12th Street North, Wisconsin Rapids, Wisconsin 54494.

2.     Jere Smith died on February 29, 2020.  Following his death, his claims in this matter passed to his Estate.  Letters of Special Administration were issued to Attorney Francis Podvin on or about May 13, 2020, and the Estate of Jere Smith is a proper party plaintiff in this case.

3.     Plaintiff Storm Rahier, by her guardian ad litem, Eric Hendrickson ("Storm") is a minor child with her primary place of residence at 341 Ver Bunker Street, Port Edwards, Wisconsin 54469.  Storm is a daughter of Jere Smith and is a proper party plaintiff in this case.

4.     Plaintiff Ashley Smith is an adult resident of the state of Wisconsin, with her primary place of residence at 510 12th Street North, Wisconsin Rapids, Wisconsin 54494. Ashley Smith is a daughter of Jere Smith and is a proper party plaintiff in this case.

2

5.      Plaintiff Jeremy O'Dell is an adult resident of state of New Mexico, with his primary place of residence at 6201 Academy Ridge Dr NE, Albuquerque, NM 87111. Jeremy O'Dell is a son of Jere Smith and is a proper party plaintiff in this case.

6.      Defendant Verso Corporation is a foreign corporation with its principal place of business located at 8540 Gander Creek Drive, Miamisburg, Ohio 45342, and its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808. Upon information and belief, at all relevant times Verso Corporation owned, operated, and/or controlled a paper mill located at approximately 600 4th Ave. N., Wisconsin Rapids, Wisconsin, and owned, operated, and/or controlled that paper mill's management and operation. Upon information and belief, Verso Corporation is a parent company of Defendant Verso Paper Holding, LLC, and exercises management, control and/or supervision of it and its activities. Upon information and belief, Verso Corporation is a parent company of Defendant Verso Minnesota Wisconsin, LLC, and exercises management, control and/or supervision of it and its activities and is a property party defendant in this case.

7.      Defendant Verso Paper Holding, LLC, is a foreign limited liability company, with its principal place of business located at 8540 Gander Creek Drive, Miamisburg, Ohio 45342, and with its registered agent, Corporation Service Company, located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717. Upon information and belief, at all relevant times Verso Paper Holding, LLC owned, operated, and/or controlled a paper mill located at approximately 600 4th Ave. N., Wisconsin Rapids, Wisconsin, and owned, operated, and/or controlled that paper mill's management and operation and is a property party defendant in this case.

8.      Defendant Verso Minnesota Wisconsin, LLC, is a foreign limited liability company with its principal place of business located at 8540 Gander Creek Drive, Miamisburg, Ohio 45342, and with its registered agent, Corporation Service Company, located at 8040

Excelsior Drive, Suite 400, Madison, WI 53717. Upon information and belief, at all relevant times Verso Minnesota Wisconsin, LLC owned, operated, and/or controlled a paper mill located at approximately 600 4th Ave. N., Wisconsin Rapids, Wisconsin, and owned, operated, and/or controlled that paper mill's management and operation and is a property party defendant in this case.

9.    Defendants John Doe 1-50 are the fictitious names for unknown person(s), trust(s), and estate(s) who may in any way be liable for the damages sustained by Plaintiffs and upon information and belief are proper party defendants in this case.

10.   Defendants Jane Doe 1-50 are the fictitious names for unknown person(s), trust(s), and estate(s) who may in any way be liable for the damages sustained by Plaintiffs and upon information and belief are proper party defendants in this case.

11.   Defendants ABC – XYZ Corporations, the fictitious names for all unknown corporations, including actual or potential successors, parent corporations, heirs and assigns, the location of whose offices are unknown, are, upon information and belief, entities that owned, operated, managed, and/or otherwise controlled the paper mill located at approximately 600 4th Ave. N., Wisconsin Rapids, Wisconsin and upon information and belief are proper party defendants in this case.

12.   Defendants ABC – XYZ Insurance Companies, the fictitious names for unknown insurance companies, the location of whose offices are unknown, are engaged in the business of writing and selling liability and/or other insurance. Upon information and belief, at all times material hereto, ABC – XYZ Insurance Companies had in full force and effect policy(ies) of liability and/or other insurance issued to named or referenced parties and/or other responsible individuals or corporate entities, by the terms of which policy(ies) such individuals or corporate entities agreed to pay all sums which named defendants and/or other responsible individuals or

corporate entities, might become legally obligated to pay for claims such as those hereinafter

described. By reason of that/those policy(ies) of insurance, the claims outlined herein and other

violations of the defendant(s) through its/their agents, servants, and/or employees, and/or as a

corporate entity(ies), as alleged hereafter, and the laws of the State of Wisconsin, ABC - XYZ

Insurance Companies and upon information and belief are proper party defendants in this case.

## FACTUAL ALLEGATIONS

13.      Plaintiffs incorporate paragraphs 1 - 12, above.

14.      Upon information and belief, Defendant Verso Corporation and/or Defendant

Verso Paper Holding, LLC and/or Defendant Verso Minnesota Wisconsin, LLC (collectively

"Verso") at all relevant times owned, operated, controlled, and/or managed a paper mill in

Wisconsin Rapids, Wisconsin.

15.      The paper mill operated under the name "Wisconsin Rapids Mill" and was located

near 4th Avenue North in Wisconsin Rapids. The Wisconsin Rapids Mill consisted of multiple

buildings with different addresses, and the location and layout are most effectively shown in the

image below:



16.     The Wisconsin Rapids Mill began operations in 1904 and, at all relevant times, produced graphic papers used in commercial printing, media and marketing applications[1].

17.     Verso was obligated to reasonably and safely operate, maintain, inspect, and otherwise control the operations of the Wisconsin Rapids Mill.

18.     At all relevant times, Verso had a duty to inspect the facility for the benefit and protection of Verso employees and others lawfully on its premises, including but not limited to outside contractors and their employees, and visitors to the Wisconsin Rapids Mill.

19.     At all relevant times, Verso had a duty to identify safety issues for the benefit and protection of Verso employees and others lawfully on its premises, including but not limited to outside contractors and their employees, and visitors to the Wisconsin Rapids Mill.

20.     At all relevant times, Verso had a duty to maintain, repair and/or remediate safety risks at the facility for the benefit and protection of Verso employees and others lawfully on its premises, including but not limited to outside contractors and their employees, and visitors to the Wisconsin Rapids Mill.

21.     At all relevant times, Verso had a duty to warn of unsafe conditions for the benefit and protection of Verso employees and others lawfully on its premises, including but not limited to outside contractors and their employees, and visitors to the Wisconsin Rapids Mill.

22.     At all relevant times, Verso was aware of its obligations to inspect, identify, maintain, repair, and warn regarding safety issues and safety systems at the Wisconsin Rapids Mill.

23.     Upon information and belief, there was a contract between one or more of the Verso entities and Hydroblasters, Inc. ("Hydroblasters"), an outside contractor Verso regularly contracted with for industrial cleaning services.

---

[1] Exhibit 1 – Wisconsin Rapids Mill Fact Sheet downloaded from www.versoco.com as the website existed on or about December 2, 2020.

24.　　Hydroblasters is and was in the business of providing high-volume industrial cleaning and vacuuming services to manufacturers, including paper mills.

25.　　As part of the contractual relationship between Hydroblasters and Verso, Hydroblasters employees would regularly go to the Wisconsin Rapids Mill to perform industrial vacuuming and "hydroblasting" services.

26.　　Hydroblasters employees would use industrial equipment, including a vacuum truck connected to a long, large industrial hose, to vacuum/remove accumulated wood chips, dust, and other waste created by the paper mill, at various locations and levels at the Wisconsin Rapids Mill.

27.　　At all relevant times, Jere Smith was employed by Hydroblasters, Inc.

28.　　On or about February 29, 2020, Jere was working at the Wisconsin Rapids Mill in the course of his employment with Hydroblasters, Inc.

29.　　Upon information and belief, Jere was at all relevant times within areas where he was directed and permitted to be by Verso to perform his work.

30.　　On that day, Jere was working in an area on approximately the fourth floor of a multi-story building that was part of the Wisconsin Rapids Mill.



31.　　The area where Jere was working has large double doors that open from the interior of the building to an approximately four-story drop to concrete below outside the building.  The photo to the right depicts an arrow pointing to the doors from the outside of the building.

32.     The doorway was used for, among other things, access to equipment and materials located outside the building, including the industrial vacuuming equipment that Jere was using on February 29, 2020. When not being actively used to allow access to equipment and materials, the doors were kept closed, with a written warning affixed to the interior of the doors by Verso that indicates "KEEP THESE DOORS CLOSED" for safety.   The photo below depicts the doors and warning signs from the inside of the building.



33.     When the doors were opened, the doorway had in place an additional "safety arrest system" consisting of two separate guardrails that ran horizontally across the width of the door frame, and parallel to each other.  The photo below depicts the open doorway.



34.     The guardrails were metal pipes or rods that sat in the cradle of u-shaped brackets secured to either side of the door frame.  A threaded metal bolt was supposed to be inserted through holes in and across the top of each bracket and then secured with a nut, in order to secure the guardrails in place. The photo below depicts the configuration of the bracket and the guardrail.



35.     On February 29, 2020, Jere was positioned in the doorway with the doors opened while bringing an industrial vacuum hose up and inside the building from the ground below for the purposes of removing wood chips, dust, and other waste from the area inside the doors.

36.     Upon information and belief, Jere was instructed to use the doorway in this fashion for the purposes of such waste removal and equipment access, by Verso and/or its employees or agents.

37.     Jere was crouched beside the open doorway and behind the safety arrest system/guardrails in order to bring vacuum equipment in under the guard rails and through the doorway.

38.     Upon information and belief, one or more bolts or other pieces of hardware necessary to keep the guardrails secured in their brackets were missing, leaving the guardrail(s) unsecured.

39.     As Jere pulled the vacuum hose through, one of the rails came loose from its bracket, causing Jere to fall face first out of the doorway to the concrete approximately four stories below.  The photograph below depicts the view looking out from the doorway to the ground below.



40.     After the fall, Jere was conscious, despite suffering catastrophic and ultimately fatal injuries from the fall.

41.     Jere was able to communicate with people around him after the fall while waiting for help to come.

42.     He was agitated and attempting to move when first responders arrived.

43.     Jere died that same day from the injuries he suffered in the fall.

44.     Following Jere's fall, Verso personnel and others searched the scene, and upon information and belief, the bolt or other hardware that was supposed to secure the guardrail was never found.

45.     Verso failed to properly inspect, maintain, and secure the premises where Jere fell.

46.     Verso failed to properly repair or remediate safety problems at the premises where Jere fell, including inadequate or missing hardware in the safety arrest system/guardrail system where Jere fell.

47.     Verso failed to warn Jere and other visitors to the premises of the safety risks associated with the improperly maintained safety arrest system/guardrail system.

48.     At all relevant times, Verso was aware that failure to maintain the safety systems, including the safety arrest system/guardrail system, created a risk of harm to persons on the premises.

## First claim:  Negligence

49.     Plaintiffs incorporate paragraphs 1-48, above.

50.     At all times material hereto, Defendants, through their agents, servants, and/or employees and/or as a corporate entity(ies), was/were negligent in its/their inspection, repair, upkeep and maintenance of the safety arrest system/guardrail system and/or its component parts, as set forth above and hereafter, and engaged in a continuum of negligent conduct and was/were otherwise negligent.

51.     Acts and omissions of negligence include, but are not limited to:

A.  failure to properly inspect the premises, including the safety arrest system/guardrail system;

B.  failure to properly maintain the premises, including the safety arrest system/guardrail system;

C.  failure to properly repair and/or remediate safety risks, including missing or inadequate hardware in the safety arrest system/guardrail system;

D. failure to warn people lawfully on the premises, including Jere, of safety risks on
the premises, including risks of the safety arrest system/guardrail system; and

E. other and further acts and omissions of negligence.

52.     That as a direct and proximate result of defendant(s) negligence, through its/their
agents, servants, employees, and/or as a corporate entity(ies), as alleged, Jere Smith suffered
significant pain and suffering, emotional distress, eventual death, medical expenses, funeral
expenses, and other compensable injuries, all to his damage in an amount to be determined by a
jury.

**Second claim: Safe Place**

53.     Plaintiffs incorporate Paragraphs 1-52, above.

54.     At all relevant times, Verso owned, operated, and/or controlled the Wisconsin
Rapids Mill, a place of employment, as defined by Chapter 101 of the Wisconsin Statutes, and
Defendants, their agents, employees and representatives had a duty to keep that place of
employment safe for employees and frequenters, such as Jere Smith, under the provisions of
Chapter 101 of the Wisconsin Statutes.

55.     Jere Smith was at all relevant times lawfully on the premises of the Wisconsin
Rapids Mill. Because of Defendants' negligence in failing to properly inspect, install, maintain
or repair the safety arrest system/guardrail system and/or related items, Jere Smith suffered fatal
injuries. Defendants are responsible for the liability associated with these allegations.

56.     The safety arrest system/guardrail system, in whole or in part, was either (a) a
structural defect; or (b) an unsafe condition associated with the property.

57.     Defendants, at all relevant times, had a duty to safely construct, and to safely
inspect, repair and maintain the facilities at the Wisconsin Rapids Mill, including the safety
arrest system/guardrail system.

58. Defendants failed to safely construct and/or to safely inspect, repair and maintain the facilities, including the safety arrest system/guardrail system.

59. Defendants failed to correct problems with the safety arrest system/guardrail system that were necessary to keep the system operating as intended and designed.

60. As a direct and proximate result of Defendants' negligence and failure to comply with their obligations under Chapter 101 of the Wisconsin Statutes, Jere Smith sustained fatal injuries necessitating medical care and suffered pain and disability, and other damages in an amount to be determined by a jury.

### Third claim: Wrongful death

61. Plaintiffs incorporate Paragraphs 1-60, above.

62. As a direct and proximate result of the allegations and claims set forth herein, and/or other and further actions of the above-named defendants, through its/their agents, servants, or employees, and/or as a corporate entity(ies), and the injuries sustained by and eventual death of Jere Smith, plaintiffs Storm Rahier, Ashley Smith, and Jeremy O'Dell have been deprived of their father's society and companionship and have suffered other compensable injuries to be determined by a jury.

### Fourth claim: Punitive damages

63. Plaintiffs incorporate Paragraphs 1-62, above.

64. Upon information and belief, Defendants, through its/their agents, servants and/or employees and/or as a corporate entity(ies) acted maliciously toward Jere Smith or in an intentional disregard of the rights of Jere Smith so as to subject the defendants to punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants jointly and separately or individually as allowed by law for the following:

A. Plaintiffs demand just and adequate compensatory damages, in an amount to be

   determined by a jury;

B. Plaintiffs demand a trial by twelve-person jury;

C. Plaintiffs demand costs, disbursements, attorney's fees in this action, and all interest

   due and owing pursuant to Wis. Stat. § 628.46; and

D. Plaintiffs demand punitive damages as permissible under applicable law

E. Plaintiffs demand such other further relief as the Court deems just and appropriate.


Dated: February 28, 2022.

        **STUDINSKI LAW, LLC**
        *Attorneys for Plaintiffs Estate of Jere Smith and*
        *Storm Rahier*


        By:    /s/ Jason T. Studinski
            Jason T. Studinski
            WI State Bar No. 1026018
            Jennifer J. Kehoe
            WI State Bar No. 1027757
            Studinski Law, LLC
            2810 Gilman Drive
            Plover, WI 54467
            (715) 343-2850
            Fax: (715) 343-2803


Dated: February 28, 2022.

        **JANSSEN LAW, LLC**
        *Attorneys for Plaintiffs Ashley Smith and*
        *Jeremy O'Dell*


        By:    /s/ Robert J. Janssen
            Robert J. Janssen
            WI State Bar No. 1000525
            Ryan M. Froelich
            WI State Bar No. 1041441
            3000 Riverside Dr Ste 210
            Green Bay WI 54301-1653
            (920) 425-4844
            Fax: (920) 425-4845



EXHIBIT

1

VERSO

**VERSO CORPORATION is a leading North American producer of graphic and specialty papers, packaging and pulp.**

# Wisconsin Rapids, Wisconsin

When you visit the Wisconsin Rapids Mill, you're not only at the center of Wisconsin, you're at the heart of a vibrant downtown that owes its existence to the logging and papermaking industries of the 19th century. Within blocks of the mill along the Wisconsin River, you'll find the city's popular gathering places.

Began operations in
## 1904

The Wisconsin Rapids Mill began as Consolidated Water Power Company in the 1890s, and changed its name to Consolidated Water Power & Paper Company in the early 1900s to include papermaking. The mill began operations with the world's first electrically powered paper machines in 1904.

The Wisconsin Rapids Mill encompasses
## 1000 acres

and has a pulp mill, paper mill and sheeting operation. The paper mill operates two paper machines with support from off-machine coaters, supercalenders and winders. The sheeting operation includes eight sheeters and two automated storage facilities.

The Wisconsin Rapids Mill employs approximately
## 915 people

The Wisconsin Rapids Mill has the capacity to produce approximately
## 540,000
### tons of paper per year

The mill makes graphic papers used in commercial printing, media and marketing applications, including magazines, catalogs, books, direct mail, corporate collateral and retail inserts and packaging papers used in point-of-purchase displays and laminated paperboard for box packaging.

## zero
### injuries goal

Verso's steadfast commitment to being "safe from the start" – one of our founding principles – permeates our culture and drives our effort to reduce injuries at the Wisconsin Rapids Mill. Our entire workforce is dedicated to promoting a safe work environment for our employees and the community, with all employees working together to achieve a common safety goal: zero injuries.

# Manufacturing excellence



Verso's operational excellence model is the core of our operations strategy. The model focuses on three key objectives: making best practices common practices, supporting and enabling our managers to lead continuous improvement, and providing an integrated set of tools to aid our improvement efforts.

Benchmarking brings the model to life. At the Wisconsin Rapids Mill, we benchmark our current manufacturing practices against world-class practices to identify opportunities for improvement, and then develop targeted action plans to close the realizable gap between the two. The end goal is for a highly skilled, fully committed team to provide superior products and services to our customers at the lowest cost and with the absolute simplest of technical and organizational designs.

# 100% sustainability commitment

Papermaking is a resource-intensive business. At the Wisconsin Rapids Mill, our goal is to use these resources – trees, water, energy and chemicals – as efficiently as possible while assuring that we don't harm the environment along the way. This is the core of our sustainability philosophy ... making the products our customers need while leaving the smallest possible footprint behind. Verso's sustainability principles, which focus on responsible sourcing, environmental and safety improvement, product stewardship, stakeholder partnerships and transparency, serve as guideposts on our path to a sustainable future. Using continuous improvement as the yardstick to gauge our progress, our mill team is dedicated to doing what's right for our company, our community and our planet.

## VERSO'S SUSTAINABILITY PRINCIPLES:

- Procure wood only from sustainably managed forests
- Continue to improve the environmental and safety performance of our operations
- Develop innovative products that provide both economic and environmental benefit
- Partner with customers and other important stakeholders on sustainability issues
- Continue to evaluate and report progress toward our sustainability goals

## OUR COMMUNITY

Together with our employees, the Wisconsin Rapids Mill supports a wide range of community organizations and events with a focus on education, sustainability and local health and human service needs. The mill's community participation is driven by our employees who generously contribute their time and talents in various company-sponsored and individual volunteer efforts to enhance the quality of life in Wisconsin Rapids and the surrounding area.

## RESPONSIBLY SOURCED FIBER

Verso actively monitors the forestry practices associated with tree harvests to help assure that the fiber in our products is legally sourced from responsibly managed forests and meets the criteria in Verso's Wood Fiber Procurement Policy, a policy that complies with the harvested wood requirements of the U.S. Lacey Act. Verso is committed to sourcing third-party certified and chain-of-custody (CoC) certified fiber in our products. All of Verso's mills have been independently audited and certified to the Forest Stewardship Council® (FSC® - C014984), Programme for the Endorsement of Forest Certification™ (PEFC/29-31-12) and Sustainable Forestry Initiative® (SFI - 00081) CoC standards.

Note: The data provided in this document is specific to the Wisconsin Rapids Mill for the full year ended December 31, 2019.

VERSO CORPORATION
600 4th Avenue North
Wisconsin Rapids, WI 54495

(715) 422-3111
versoco.com

© 2020 Verso Corporation. All Rights Reserved.

